# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONNA BOLDEN )
 )
      PLAINTIFF )
 )
v. ) Case No. 1:18-cv-01105-LMM
 )
CRAFTSMEN CONTRACTORS, LLC, a )
Kentucky Limited Liability Company, and )
JOEL CONNOR, Individually )
 )
      DEFENDANTS )

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made and entered into by and between Plaintiff Donna Bolden ("Plaintiff"), incorporated herein by reference, and Defendants, Craftsmen Contractors, LLC, a Kentucky Limited Liability Company, and Joel Connor, individually ("Craftsmen" or "Defendant").  This Agreement shall become effective upon entry of a final, non-appealable Stipulated Judgment approving this Agreement by the U.S. District Court for the Northern District of Georgia in the matter of *Donna Bolden v. Craftsmen Contractors, LLC*, *et al*. Case No. 1:18-cv-01105 (hereinafter the "Pending Litigation").

## RECITALS

WHEREAS, Plaintiff is a former employee of Craftsmen; and

WHEREAS, on March 16, 2018, Plaintiff filed the Pending Litigation, asserting that Craftsmen violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 and 29 U.S.C. §§ 2201 and 2202 for unpaid overtime wages for work allegedly performed off the clock.

WHEREAS, in the Pending Litigation the Plaintiff seeks damages in the form of unpaid wages and corresponding liquidated damages, and attorneys' fees and costs.

WHEREAS, Defendants dispute the Plaintiff's claims, and deny any liability whatsoever; and

WHEREAS, the Parties have been negotiating in good faith, at arms-length through their counsel, and seek to avoid additional expense and time of further litigation proceedings

regarding the claims released by this Agreement, to resolve all those claims by this Agreement, and that this Agreement adequately resolves any remaining wage claims disputed by the Parties.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained in this Agreement, and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties covenant and agree as follows:

## AGREEMENT

1. **Definitions.**  As used herein,

    1.1 **"Released Parties"** shall mean and refer collectively to Craftsmen Contractors, LLC, a Kentucky Limited Liability Company, its past and present owners, parents, subsidiaries, partners, agents, employees, successors, predecessors, assigns, insurers, representatives, and attorneys, and all other persons acting by, though, under or in concert with it, as well as any other natural person or entity which may be construed as an "employer" of Plaintiff relating to her employment with Defendant, including Joel Connor as an individual.

    1.2 **"Claims"** shall mean the claims, demands, causes of action, damages, liquidated damages, interest, costs, and attorneys' fees alleged or demanded in the Complaint in this Pending Litigation, and any and all other state, federal, and local statutory and common law claims for alleged overtime wages, whether at law or in equity, of whatever kind, character, and nature, both known and unknown, disclosed and undisclosed, suspected and unsuspected.

2. **Consideration.**  Upon this Agreement becoming effective, and in consideration for all the commitments made herein by Plaintiff, Craftsmen agrees to pay and otherwise convey to Plaintiff the following sums in full and final settlement of all claims that have been asserted or that could have been asserted in the Pending Litigation.

    2.1 **Payment to Plaintiff.**  Craftsmen will pay the aggregate sum of Thirty Thousand Dollars and Zero Cents ($30,000.00) to Plaintiff in the form of checks issued to both her and her counsel under the terms set forth below.  This sum is allocated as follows:

    (a) **Wage Damages.**  Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00) for Plaintiff's alleged unpaid overtime wages.  This figure represents the sum certain of total unpaid overtime wages allegedly owed to Plaintiff Donna Bolden, as calculated by Plaintiff and her counsel.  Defendant shall withhold all applicable taxes from this amount and report same on a W-2 form.

    (b) **Liquidated Damages.** Eight Thousand Five Hundred Dollars and Zero Cents ($8,500.00) for Plaintiff's alleged liquidated damages. This figure is an amount equal to the sum certain of total unpaid overtime wages allegedly owed to Plaintiff Donna Bolden, as calculated by Plaintiff and her counsel and pursuant to 29 U.S.C. § 216(b). There will be no withholding of taxes from this amount. Plaintiff is responsible for any and all taxes on this amount which will be reflected on a 1099 form.

    (c) **Attorney's Fees, Costs, and Expenses.** Thirteen Thousand Dollars and Zero Cents ($13,000.00) for Plaintiff's alleged attorneys' fees, costs, and expenses, paid to Morgan & Morgan P.A. This amount includes and covers any additional legal services provided by Plaintiff's counsel relating to preparation of and/or revising, this Agreement and pleadings associated with same. There will be no withholding of taxes on this amount which will be reflected on a 1099 form.

2.2 **Payment.** The parties agree that the payment of the aggregate settlement sums set forth above shall be paid to the Plaintiff and her counsel within forty (40) days of this Court's approval of this Agreement.

2.3 **Agreed Order of Dismissal.** Once the Court approves the Settlement Agreement and each of the amounts listed above have been fully paid, the parties shall file with the Court an Agreed Order of Dismissal certifying that Defendant has paid the full amounts agreed upon to Plaintiff and her counsel, under the terms and conditions of this Joint Settlement Agreement.

3. <u>Taxes.</u> Plaintiff agrees that she is responsible for the payment of any/all taxes owed in connection with payments from Craftsmen referenced in Paragraph 2.1(b). Craftsmen agrees, that for payment made to Plaintiff designated for wages, Craftsmen will withhold all applicable taxes and benefits as part of said payment. Plaintiff agrees to submit all appropriate tax forms to Defendants in order to allow Defendants to process payments for wages, liquidated damages and attorney's fees and costs.

4. <u>Court Approval.</u> This Settlement Agreement shall be subject to and conditioned upon approval by the U.S. District Court for the Northern District of Georgia. Absent such approval, this Settlement Agreement is voidable by any party.

5. <u>Release of Claims.</u> In consideration of the payments of the aggregate settlement amounts, Plaintiff does hereby release, acquit, and forever discharge the Released Parties for any and all rights, remedies, claims, demands, causes of action, damages, liquidated damages, interest, costs, and attorneys' fees alleged or demanded in this Pending Litigation, and any and all other state, federal, and local statutory and common law claims for earned but unpaid overtime wages, whether at law or in equity, of whatever

kind, character, and nature, both known and unknown, disclosed and undisclosed, suspected and unsuspected.

**5.1** <u>**General Release by Plaintiff.**</u>  In addition to the Release of Claims in the above paragraph, Plaintiff does knowingly and voluntarily release and forever discharge the Released Parties of and from any and all claims or causes of action, known or unknown, which they have or may have against the Released Parties based on any event that occurred before the Effective Date of this Agreement, including all claims Plaintiff has or may have had, including but not limited to:

(a) Claims of harassment or discrimination based on race, color, national origin, ancestry, religion, marital status, sex, sexual orientation, citizenship status, pregnancy, medical condition or disability under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Equal Pay Act, the Americans with Disabilities Act, as amended, Sections 503 and 504 of the Rehabilitation Act, Section 1981 of the Civil Rights Act of 1866, or any other federal, state or local law prohibiting discrimination and harassment in employment or retaliation;

(b) Claims of interference or denial of rights or entitlements under the Family Medical Leave Act;

(c) Claims of age discrimination under the Age Discrimination in Employment Act, as amended by the Older Workers' Benefit Protection Act, or under any other federal, state or local law prohibiting age discrimination;

(d) Claims of breach of implied or express contract, and claims of misrepresentation, negligence, fraud, estoppel, defamation, infliction of emotional distress, violation of public policy;

(e) Claims of wrongful or constructive discharge, or any other employment-related tort;

(f) Claims for costs, fees or other expenses, including attorney's fees, except as set forth above;

(g) Claims under any other federal, state or local law relating to employment, except that (a) neither Plaintiff releases any claim to a vested benefit under any employee pension benefit plan sponsored by Craftsmen and covered by the Employees Retirement Income Security Act ("ERISA"); and

 (h) Any claims that would otherwise entitle Plaintiff to penalties, fees, recoveries or other damages or any form of relief to them under any other federal, state or local law, including, but not limited to false claims actions or qui tam actions.

6. **Covenant Not to Sue.**

 6.1 Plaintiff does hereby covenant and agree that she will forever refrain and forebear from commencing, instituting or prosecuting any lawsuit, action or other proceeding, whether at law or in equity, or judicial or administrative, against the Released Parties, based on, arising out of, or connected with any of the claims released in this Agreement.

 6.2 Plaintiff represents and warrants that she has not filed any charge, complaint, or claim with any other court or administrative agency asserting any violation of state or federal law which was or could have been asserted in the claims released in this Agreement, nor has she assigned any such claim to any other person, including any government agency. Plaintiff agrees that she shall never file or assign any such claim, and that in the event any such claim is filed or prosecuted by any other person or entity, including any government agency, the Plaintiff will cooperate fully with the Released Party, will move immediately to withdraw her name and to disassociate herself completely from any such claim, will request such person or entity to withdraw such claim with prejudice, will cooperate with such person or entity only to the extent required by law, and will not seek or accept any relief in settlement of, or as a result of, a judgment or order in any action associated with any such claim.

7. **Understanding.**

 **7.1 Review of Agreement and Rules of Construction.** Plaintiff and Defendants acknowledge and represent that they have read this Agreement in full and, having had an opportunity to consult with counsel, understand and voluntarily consent and agree to each provision contained herein. Plaintiff, Defendants, and their respective counsel having reviewed this Agreement, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed in any interpretation of this Agreement.

 **7.2 Authorization to Move for Approval.** It is further specifically understood and agreed that Plaintiff has discussed with and consulted Plaintiff's attorneys about the aforementioned Pending Litigation and this Settlement, and that Plaintiff's attorneys are specifically authorized and instructed to submit this Agreement for approval by the Court in the Pending Litigation, by filing a motion requesting such approval, and to take any and all additional steps which may be necessary or

    appropriate to give effect to this Agreement.

8. **Authority and Competence.**  Plaintiff represents and warrants that she has full and complete authority to enter into this Agreement on behalf of herself in the Pending Litigation.  Plaintiff understands and agrees that all terms of this Agreement are contractual and not a mere recital, and it is executed without reliance upon any representation by the Released Parties or any of their representatives, and they represent and warrant that they consulted with their attorneys about this Agreement and that they are competent and possess the full and complete authority to covenant and agree as herein provided; they also understand, agree and represent that the covenants herein made and releases herein executed may affect rights and liabilities of substantial extent and degree and that the covenants and releases provided herein are in their individual and collective best interest, as well as the individual and collective best interest. Plaintiff has carefully read this Agreement, understands its meaning and acknowledges that it shall be binding upon herself, as well as her heirs, beneficiaries, personal representatives, successors, assigns, agents, employees, representatives, insurers, attorneys, consultants and all others claiming by or through Plaintiff.

9. **Non-Disparagement Covenant**.  While this agreement is not confidential, the Plaintiff has agreed and promised that she will refrain from posting any statements or communications about the Parties, her time employed by Defendants, releases, and/or terms expressed herein on any social media platform.  Likewise, Defendants agree that they will not disparage Plaintiff in any public forum generally, and specifically on any social media platform.

10. **Assignment.**  Plaintiff hereby represents and warrants that she has not heretofore assigned, transferred or hypothecated or purported to assign, transfer or hypothecate to any person or entity not a party to this Agreement any claim or matter herein released, disclaimed, discharged or terminated. In the event of such assignment, transfer, or hypothecation of any claims or other matter herein released, discharged, terminated, or disclaimed, the Plaintiff agrees to indemnify and hold harmless the Released Parties from and against any liability or loss, and for any cost, expense or judgment or settlement arising out of a revocation by, or arising in connection with any such assignment, transfer or hypothecation. The provisions of this Agreement shall inure to the benefit of and be binding on any successor in interest of the Released Parties, whether by merger, consolidation, legislation, or otherwise.

11. **Severability.** In the event any provision of this Agreement should be held to be unenforceable, each and all other provisions of this Agreement shall remain in full force and effect.

12. **Headings and Captions.** The headings and captions used in this Agreement are for convenience and reference only, and shall in no way define, limit, expand or otherwise

affect the meaning or construction of any provisions of this Agreement.

13. **Waiver.** The waiver by any party to this Agreement of a breach of any of the provisions of this Agreement shall not operate or be construed as a waiver of any subsequent or simultaneous breach. Plaintiff and the Released Parties agree that no release, waiver or other promise set forth in this Agreement shall be construed to prohibit either party from enforcing the terms of this Agreement in a court of competent jurisdiction.

14. **Entire Agreement.**

    **14.1 Integration and Amendment.** This Agreement constitutes the final written expression of all the terms of the parties' agreement and is a complete and exclusive statement of those terms. Any prior or contemporaneous oral or written agreement between the parties is superseded by this Agreement. No representation, promise, inducement or statement of intention has been made by the Plaintiff or the Released Parties that is not embodied in this Agreement. Except as provided herein, no party shall be bound by or liable for any alleged representation, promise, inducement, or statement of intention not contained in this Agreement. This Agreement cannot be amended, modified, or supplemented in any respect except by a subsequent written agreement signed by the Plaintiff and Craftsmen.

    **14.2 No Reliance on Representations.** Plaintiff acknowledges that no other promises have been made to her by or on behalf of the Released Parties, nor has any other consideration been delivered or promised in connection with the execution and delivery of this Settlement Agreement. No act or omission of the Released Parties shall serve to resurrect or restore any claims herein released.

15. **Choice of Law.** This Agreement is made and entered into in the State of Georgia and shall in all respects be interpreted, enforced and governed under the laws of Georgia. The language of all parts of this Agreement shall in all cases be interpreted as a whole, according to its fair meaning, and not strictly for or against any of the parties.

16. **Notices.** Notices of breach of this Agreement or any other communication concerning the performance of this Agreement shall be set forth in writing and delivered to the following:

    **16.1 For Plaintiff:** Andrew R. Frisch, Morgan & Morgan, P.A., 600 North Pine Island Road, Suite 400, Plantation, Florida 33324.

    **16.2 For Craftsmen:** Charles R. Carson, Carson Law, 2494 Jett Ferry Road, Ste 210, Atlanta, Georgia 30338; and, Robert L. Roark, Robert Roark, PLLC, 401

Lewis Hargett Circle, Suite 210, Lexington, Kentucky 40503.

17. **No Liens.**  Plaintiff warrants and represents that there are no liens, attorneys' liens, except for their counsel of record in the Pending Litigation, or claims of lien or assignments in law or equity or otherwise on or against the claims or causes of action of the Plaintiff herein; and further that the Plaintiff is fully entitled to enter into this Agreement and gives complete release and discharge for her claims in the Pending Litigation.

18. **Terms Binding.**  The terms hereof shall be binding upon, and inure to the benefit of the heirs, beneficiaries, personal representatives, successors, assigns, agents, employees, representatives, insurers, attorneys, consultants, and all others claiming by or through the respective parties.

**Plaintiff**

*/s/ Donna Bolden*
**Donna Bolden**
Date: 4-3-19

**Craftsmen Contractors, LLC**
**a Kentucky Limited Liability Company**

By: _____
Name:

Title: _____

Date: _____

8

Lewis Hargett Circle, Suite 210, Lexington, Kentucky 40503.

17. **No Liens.** Plaintiff warrants and represents that there are no liens, attorneys' liens, except for their counsel of record in the Pending Litigation, or claims of lien or assignments in law or equity or otherwise on or against the claims or causes of action of the Plaintiff herein; and further that the Plaintiff is fully entitled to enter into this Agreement and gives complete release and discharge for her claims in the Pending Litigation.

18. **Terms Binding.** The terms hereof shall be binding upon, and inure to the benefit of the heirs, beneficiaries, personal representatives, successors, assigns, agents, employees, representatives, insurers, attorneys, consultants, and all others claiming by or through the respective parties.

**Plaintiff**

_____
Donna Bolden
Date: _____

**Craftsmen Contractors, LLC**
**a Kentucky Limited Liability Company**

By: _____
Name: Phillip Petrie

Title: President

Date: 4/5/2019

8